## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40928
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE LUIS RODRIGUEZ-SANCHEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-728-7

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jorge Luis Rodriguez-Sanchez appeals his guilty-plea conviction for conspiracy to possess, with intent to distribute, 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B).  He contends: the factual basis for his guilty plea established, at most, that he aided and abetted a drug transaction; and, that it fails to establish he agreed to participate in a conspiracy.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40928

Because Rodriguez did not challenge the factual basis in district court, our review is for plain error only. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Rodriguez must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). In cases raising challenges to a guilty plea based on alleged failures to comply with Federal Rule of Criminal Procedure 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."), and assuming *arguendo* a clear or obvious error, our court has held defendant satisfies the affected-substantial-rights prong by showing a reasonable probability that, but for the district court's error, he would not have pleaded guilty. *See United States v. Nepal*, 894 F.3d 204, 212 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 831 (2019). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135.

Rodriguez' claim he need not demonstrate a reasonable probability that he would not have pleaded guilty because he alleges a due-process violation, rather than a simple violation of Rule 11(b)(3), is meritless. *See United States v. Davila*, 569 U.S. 597, 609–11 (2013). Again, assuming *arguendo* the factual basis was plainly insufficient, Rodriguez cannot demonstrate the error affected his substantial rights because he fails to assert in the alternative that the error affected his decision to plead guilty. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

AFFIRMED.